IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY T. TRIPLETT,
also known as In Re Wilson,

        Plaintiff,

    V.                              No. 11-2105-SAC

UNITED STATES DEPARTMENT
OF DEFENSE,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on plaintiff's response to the court's order for plaintiff to show cause by March 21st why this action should not be dismissed for failure to state a claim upon which relief can be granted. (Dk. 7).

Plaintiff's original "complaint" is 189 pages long. In response to the show cause order, the plaintiff filed a "brief" which is 519 pages long. This court has a long history of handling pro se complaints and pro se trials, and is usually able to understand the claims made by all parties. This is not such a case, however. Having diligently reviewed the complaint and plaintiff's response to the show cause order, the court remains clueless about what it is the plaintiff seeks to complain of. Although a pro se litigant's pleadings are entitled to a liberal construction, he must nonetheless follow the rules of federal and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452,

455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995). Moreover, the parties and the court are under no obligation to craft legal theories for the plaintiff, nor may they supply factual allegations to support a pro se plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing the facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

The sheer prolixity of plaintiff's complaint violates the requirement under Rule 8 of the Federal Rules of Civil Procedure that a pleading present "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise, and direct ." Fed.R.Civ.P. 8(a)(2), (e)(1). "[I]n unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant

2

dismissal for failure to comply with Rule 8." *George v. Kraft Foods Global, Inc.*, 2007 WL 853998, 3 (S.D.Ill. 2007). *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 376-78 (7th Cir. 2003) (a complaint covering 155 pages was so confusing that neither the court nor the adverse parties should be required to "try to fish a gold coin from a bucket of mud."), *cert. denied*, 540 U.S. 968 (2003); *Peck v. Merletti*, 64 F.Supp.2d 599, 602 (E.D.Va. 1999) (dismissing a pro se complaint that contained "hundreds of pages" of "gibberish or nonsensical rambling.")

Courts in this district "focus on the quality and not exclusively on the tonnage of the complaint, *i.e.*, whether the complaint provides adequate notice of plaintiff's claims." *Sonnino v. University of Kansas Hosp. Authority*, 2003 W L 1562551, 1 -2 (D.Kan. 2003), citing cases. Plaintiff's complaint is not merely long, but is completely unintelligible. Each page of the complaint is written so as to defy understanding. Except for the direct quotations of cases or rules, the sentences in the complaint are lengthy and convoluted and make no sense, and the court cannot see how the quoted materials relate to the plaintiff's case. Neither plaintiff's response to the show cause order, nor the civil cover sheets completed by plaintiff shed any light on the nature of his cause(s) of action.[1] Plaintiff's complaint thus completely fails to

---

[1] Plaintiff's civil cover sheets indicate that this is an original proceeding. Plaintiff lists the "nature of suit" as: recovery of overpayment and enforcement of judgment, recovery of overpayment of veteran's benefits, stockholders' suits, other contract, all other real property, federal employers'

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Furthermore, the complaint fails to meet its additional obligation to "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *See Perrington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979). It is not the role of either the court or the defendant to sort through a lengthy, conclusory, and poorly drafted complaint in order to construct a cause of action. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989). Even liberally construed, the original complaint and plaintiff's response to the court's show cause order are incomprehensible, warranting dismissal. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996).

This court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement. *Gometz v. United States*, 334 Fed.Appx. 889, 892, 2009 WL 1705608, 2 (10th Cir. 2009), *citing Kuehl v.*

---

liability, other fraud, employment (civil rights), other civil rights, labor/management relations, banks and banking, RICO, securities/commodities/exchange, other statutory actions, and freedom of information. Dks. 2, 5. Having reviewed plaintiff's complaint, the court cannot tell which, if any, of these characterizations is accurate.

4

*F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993), *cert. denied*, 511 U.S. 1034 (1994). However, because "[d]ismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice," *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989), the court will allow plaintiff one opportunity to amend his complaint. In the amended complaint, plaintiff shall comply with the requirements of Rule 8(a), namely, that the complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed.R.Civ.P. 8(a). *See also* Rule 8(d)(1) (providing that "[e]ach allegation must be simple, concise, and direct.")  In the event plaintiff's amended complaint is prolix, vague, unintelligible, or otherwise fails to meet the requirements of the rules, it shall be dismissed without further opportunity to amend. The court thus permits and requires the plaintiff to file an amended complaint curing the deficiencies in his original pleading within 20 days of the date of this order.

    IT IS THEREFORE ORDERED that the plaintiff shall file an amended complaint within 20 days of the date of this order (April 13, 2011) or his action shall be dismissed.

Dated this 24th day of March, 2011.

                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge