IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY T. TRIPLETT,
also known as In Re Wilson

        Plaintiff,

        V.                        No. 11-2105-SAC

UNITED STATES DEPARTMENT
OF DEFENSE,

        Defendant.

MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's 708-page "motion for judgement." The court liberally construes this post-judgment motion, filed pro se, as one for relief under Federal Rule of Civil Procedure 60(b). Defendant opposes the motion.

Although the case is currently before the Tenth Circuit Court of Appeals on plaintiff's appeal of this Court's final judgment, the Court maintains the ability to consider the motion. *See Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) (noting that although a district court lacks jurisdiction to grant a Rule 60(b) motion while the case is up on appeal, it is still free to consider the motion, then either deny it or notify the court of appeals of its intent to grant it and request the case be remanded); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982); *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965).

Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (citations omitted); *Amoco Oil Co. v. U.S.E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000). Rule 60(b) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in plaintiff's earlier filings. *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D.Kan. 2006) (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)), *aff'd*, 260 Fed.Appx. 98 (10th Cir. 2008). Nor is a Rule 60(b) motion a substitute for appeal. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Rule 60(b)(1) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this rule, the movant has the burden of pleading and proving those matters. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the trial court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

The Court has reviewed to the best of its ability plaintiff's current motion, but the motion, like plaintiff's other pleadings, appears to be written so as to defy understanding. The Court finds that the motion fails to show

any basis for relief under Rule 60. The motion consists of 708 pages filled with unintelligible ramblings and allusions to statutes and cases, but does not allege any mistake, inadvertence, surprise, excusable neglect, or other grounds for relief stated in the Rule. Just as it is not the court's role to construct a cause of action from a lengthy, conclusory, and poorly drafted complaint, *see Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989), it is not the court's role to divine some viable basis for relief under Rule 60 where none otherwise appears.

IT IS THEREFORE ORDERED that plaintiff's "motion for judgement" (Doc. 24) is denied.

Dated this 14th day of September, 2011.

                                  s/ Sam A. Crow
                                  Sam A. Crow, U.S. District Senior Judge