FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROY T. TRIPLETT, also known as In Re Wilson,

    Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF DEFENSE,

    Defendant-Appellee.

No. 11-3169
(D.C. No. 2:11-CV-02105-SAC-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **MATHESON**, Circuit Judge.

---

    Plaintiff Roy T. Triplett, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his action for failure to state a claim upon which

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief can be granted. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

On February 22, 2011, Mr. Triplett filed a 189-page complaint that the district court found incomprehensible. Accordingly, on March 3, 2011, the court ordered Mr. Triplett to show cause why the action should not be dismissed for failure to state a claim upon which relief can be granted. Mr. Triplett filed a 519-page "brief" in response to the show cause order. The district court determined that the "brief" was very long, "completely unintelligible," "written so as to defy understanding," and contained sentences that were "lengthy and convoluted and [made] no sense." R. Doc. 10 at 3. The district court determined that the "brief" did not comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. Pursuant to Rule 8, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," Rule 8(d)(1). Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing "the court shall dismiss" an in forma pauperis action if it "fails to state a claim on which relief may be granted").

Nevertheless, as the district court recognized, dismissal is a harsh sanction, *see Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989), so the court issued another order directing Mr. Triplett to show cause why his complaint should not be dismissed and ordering him to file an

amended complaint that complied with Rules 8 and 12. In response, Mr. Triplett filed a 26-page amended complaint with a 637-page brief in support. The district court found them "to be no more plain or intelligible than [Mr. Triplett's] previous voluminous filings." R. Doc. 15 at 1. Therefore, the district court dismissed the action. Mr. Triplett appeals.[1]

This court's review of the dismissal order is de novo, "accepting as true all of the well-pled factual allegations and asking whether it is plausible that the plaintiff[] [is] entitled to relief." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011) (internal quotation marks omitted). Although pro se filings will be construed liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

This court has examined the incomprehensible brief filed by Mr. Triplett and is unable to perceive the issues he is attempting to appeal. In light of that circumstance, it is plainly evident that the district court did not err by dismissing Mr. Triplett's complaint for failure to state a claim upon which relief can be

---

[1] Almost three months after the district court's judgment of dismissal, Mr. Triplett filed a motion for post-judgment relief that the court denied on September 14, 2011. This court is without jurisdiction to review the order denying post-judgment relief because Mr. Triplett did not file an amended notice of appeal following entry of that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

granted and for failure to make a short and plain statement of the claim showing that the plaintiff is entitled to relief, as stated in the district court's Memorandum and Order of April 20, 2011.

    AFFIRMED.

                                         Entered for the Court

                                         John C. Porfilio
                                       Senior Circuit Judge